UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CR-00109 |
| | ) | |
| KYLE TAYLOR TREMBLAY, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Tremblay, a man in his late 20s, repeatedly interacted with and sexually exploited preteens via the internet. Tremblay directed children to engage in sexually explicit conduct on their webcams, and Tremblay recorded it. Simply put, he produced child pornography of multiple children, including children aged 10 and 11. But Tremblay's conduct was not limited to these specific kids. Tremblay had compiled a trove of particularly horrific child sexual abuse material. And he repeatedly distributed some of that material to other like-minded men on the internet.

Tremblay's conduct was extensive. It was repeated. His active interaction and production of material involved multiple preteen kids. And Tremblay's own words—memorialized in his online chats with other pedophiles—indicate that Tremblay has an acute desire to sexually abuse preteens in-person.

The Court should sentence him to 360 months in prison coupled with a significant term of supervised release.

## SENTENCING CALCULATION & RELATED MATTERS

There are no factual disputes relating to the PSR. And the parties both agree that the applicable guideline in this case is 360 months, the statutory maximum for the single count of conviction. Although Defendant maintains his objection to the four-level enhancement for the offense involving material that portrays sadistic or masochistic conduct or other depictions of violence under §2G2.1(b)(4)(A), the Court need not resolve that objection because no matter the resolution, the applicable range will be 360 months.[1] (See PSR ¶ 23.)

Neither party sought a traditional departure under the guidelines.

The only issue to be determined at sentencing is the ultimate sentence considering the Section 3553(a) factors.

The government does not request a fine or Section 2259A special assessment. The Court should impose a $100 special assessment under Section 3013; the government is not seeking the additional $5,000 special assessment under Section 3014.

---

[1] The government initially objected to this four-level enhancement (DCD 44.) The government withdraws its objection to the application of this enhancement. To the extent the Court decides to resolve this issue, the government endorses the Probation Office's analysis and logic set out in the addendum to the PSR. (PSR, p. 65-66.) The Court need not decide the issue. The total offense level is 43 if the enhancement is applied; it is 42 if the enhancement is not applied. The guideline becomes 360-months under both scenarios.

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 360 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).   The government will ask the district court to sentence the Defendant based upon an advisory range of 360 months.  The government recommends 360 months.

Tremblay's offense conduct is incredibly serious. He repeatedly interacted with children on an online video-chat forum, directed the children to do sexual acts (including masturbate or self-penetrate) or make certain explicit poses for the webcam, and recorded the activity.  During the interactions Tremblay often masturbated for the children to see.  (See, e.g., PSR ¶¶ 11-15, 41-43.)  Beyond the obvious appearance of these kids being well below the age of majority, Tremblay's own chats with the kids show that he knew the precise ages of many of these

victims.  (See PSR ¶ 13:  Tremblay commenting in interaction with Child Victim #4 "U nice horny 11 yo boy :)"; see PSR ¶ 41: Child Victim #1 admitting he was only 10 years old and Tremblay responding "I kno :)" and "It ok not weird I like it."; see PSR ¶ 43:  Tremblay asking "Age?" and Child Victim #3 responding "15".")  Tremblay's conduct was extensive and repeated.

Beyond his active communication and sexual exploitation of children, Tremblay also collected a trove of particularly horrific child sexual abuse material. (PSR ¶¶ 37-38.)  His material included a video of a baby crying in pain as an adult male forcibly penetrates the child as well as additional videos of preschool-aged children being penetrated and forced to perform sex acts on adults.  Tremblay clearly enjoyed this material.  He sent numerous images of other pre-teen child pornography to multiple other pedophiles via an online chat forum.  (PSR ¶¶ 39-40.)

Tremblay's sexual interest in pre-teens is apparent enough by his interactions with numerous kids on the video-chat forum and his stash of other child pornography.  But Tremblay's own words indicate an even more heightened danger he poses to abuse children in-person.  For example, Tremblay stated in a chat "If there was a chance to well f**k or fool around with a young boy or girl id do it" (PSR ¶ 39, p.16), and stated in even more explicit terms what he would like to do sexually with an 11-year-old boy. (See PSR ¶ 39, p. 17.)   Tremblay stated that he has had sexual intercourse previously with an underage girl saying "[s]he was 13, I was 22." (PSR ¶ 40, p. 19.)

## CONCLUSION

Tremblay's offense conduct was as extensive and serious. He poses a danger to minors. A sentence of 30 years is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from his further crimes.

This Court should sentence the Defendant to 360 months in prison.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:  /s/  Adam J. Kerndt
Adam J. Kerndt
Assistant United States Attorney
U.S. Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:  Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

__X__ECF/Electronic filing   ____Other means

UNITED STATES ATTORNEY

By: /s/ Adam J. Kerndt_____
    Assistant U.S. Attorney